## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:   '12 – CV – 02218

BRIAN EDMOND BATH,
Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.;

John and Jane Does 1 - 100;


Defendant(s).

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2012

GREGORY C. LANGHAM
CLERK

---

### COMPLAINT AND JURY DEMAND

---

For this Complaint, the Plaintiff, Brian Edmond Bath, state as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1331, 15 U.S.C. § 1692k (d) ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, et seq. "CFDCPA") by defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this district and a substantial portion of the acts giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff, Brian Edmond Bath, ("Plaintiff") is an adult individual residing in Centennial, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a (3).

5. Defendant(s) Central Credit Services, Inc., is a foreign, Florida Corporation with an address at 9550 REGENCY SQ BLVD, STE 500, JACKSONVILLE, FL 32225 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a (6).

6. Does 1 - 100 ("the Collectors") are individual collectors employed by Central Credit Services, Inc and who identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Central Credit Services, Inc., at all times acted by and through one or more of the Collectors.

## FACTUAL ALLEGATIONS
## APPLICABLE TO ALL COUNTS

A. The Debt

8. The Plaintiff incurred a financial obligation ("the Debt") to a creditor (the Creditor).

9. The debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" in 15 U.S.C. § 1692a(5).

10. The debt was purchased, assigned or transferred to Central Credit Services, Inc., for collection, or Central Credit Services, Inc., was employed by the creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. Central Credit Services, Inc., Engages in Harmful, Harassing and Abusive Tactics

12. The Plaintiff disputes the Account.

13. The Plaintiff requests that the Defendant(s) cease all further communication on the Account.

14. The Defendant(s)'s collector(s) were employee(s) of the Defendant(s) at all times mentioned herein.

15. The Defendant(s) acted at all times mentioned herein through its employee(s).

16. In the year prior to the filing of the instant action the Defendant (s) and / or representative(s), employee(s) and / or agent(s) of the Defendant(s) made telephone call(s) to the Plaintiff.

17. The Defendant(s)'s purpose for these telephone call(s) was to attempt to collect the Account.

18. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

19. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

20. The only reason that the Defendant(s) and / or representative(s), employee(s) and / or agent(s) of the Defendant(s) made telephone call(s) to the Plaintiff was to attempt to collect the Account.

21. The telephone conversation between the Plaintiff and the Defendant(s), in the years prior to the filing of this action constituted a "communication" as defined by FDCPA §1692a (2).

22. During the telephone conversations between the Plaintiff and the Defendant(s) In the year prior to the filing of this action the Defendant(s) while attempting to collect the Account represented to the Plaintiff that he had to pay the Account to get the Account off of the credit bureau reports.

23. The Defendant(s)'s representation in paragraph 22 was false and was a false representation in connection with the collection of a debt, the Debt.

24. During the telephone conversation between the Plaintiff and the Defendant(s) In the year prior to the filing of this action the Defendant(s) while attempting to collect the Account represented to the Plaintiff that the Account will be reported to the credit bureaus until paid in full.

25. The Defendant(s)'s representation in paragraph 24 was false and was a false representation in connection with the collection of a debt, the Debt.

26. Upon information and belief the Defendant(s) kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the years prior to the filing of the instant action.

27. Upon information and belief the Defendant(s) made audio recording(s) of some of its Telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

28. Upon information and belief the Defendant(s) has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

29. The defendants did not disclose the identity of the debt collection agency from which they were calling.

30. The Defendants failed to read the Plaintiff his mini Miranda.

31. The defendants never sent the Plaintiff a validation letter. The Plaintiff has not received any written correspondence from the Defendants.

C. Plaintiff Suffered Actual Damages

32. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

33. As a direct consequence of the Defendants acts, practices, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35.  The Defendants conduct violated 15 U.S.C. § 1692d (5) in that Defendants caused the phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

36. The Defendants conduct violated 15 U.S.C. § 1692d (6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

37. The Defendants conduct violated 15 U.S.C. § 1692e (2) in that Defendants misrepresented the character, amount and legal status of the debt.

38. The Defendants conduct violated 15 U.S.C. § 1692e (3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

39. The Defendants conduct violated 15 U.S.C. § 1692e (10) in that Defendants employed false and deceptive means to collect a debt.

40. The Defendants conduct violated 15 U.S.C. § 1692e (11) in that Defendants failed to inform the consumer that the communication was a attempt to collect a debt.

41. The Defendants conduct violated 15 U.S.C. § 1692g (a) (1) in that Defendants failed to send the Plaintiffs a validation notice stating the amount of the debt.

42. The Defendants conduct violated 15 U.S.C. § 1692g (a) (2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

43. The Defendants conduct violated 15 U.S.C. § 1692g (a) (3) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiff's rights to dispute the debt within thirty days.

44. The Defendants conduct violated 15 U.S.C. § 1692g (a) (4) in that Defendants failed to send the Plaintiffs a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff..

45. The Defendants conduct violated 15 U.S.C. § 1692g (a) (5) in that Defendants failed to send the Plaintiffs a validation notice containing the name and address of the original creditor.

46. The Defendants conduct violated 15 U.S.C. § 1692g (b) in that Defendant(s) continued collection efforts even though the debt had not been validated.

47. The foregoing acts and omissions of the Defendants constitutes numerous and multiple violations of FDCPA, including every one of the above-cited provisions.

48. The Plaintiff is entitled to damages as a result of Defendants violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT
### Colo.Rev.Stat. § 12-14-101, et seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

50. The Plaintiff is a "consumer" as that term is defined by Colo.Rev.Stat. § 12-14-103(4).

51. The Defendants are a "collection agency" and "debt collectors" as defined by Colo.Rev.Stat. § 12-14-103(2) and (7).

52. The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiffs, in violation of  Colo.Rev.Stat. § 12-14-105 (1) (a).

53.  The Defendants caused the Plaintiffs phone to ring repeatedly and engaged the Plaintiff in telephone conversations repeatedly, with the intent to annoy and harass the Plaintiff in violation of Colo.Rev.Stat. § 12-14-106(1)(e).

54. The Defendants placed telephone calls without meaningful disclosure of their identify within sixty seconds after the initial calls to the Plaintiff, in violations of Colo.Rev.Stat. § 12-14-106(1)(f).

55. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo.Rev.Stat. § 12-14-107(1).

56. The Defendants falsely represented the character, amount, or legal status of a debt, in violation of Colo.Rev.Stat. § 12-14-107 (1)(b)(I).

57. The Defendants falsely represented or implied that documents were legal process, in violations of Colo.Rev.Stat. § 12-14-101(1) (o)

58. The foregoing acts and omissions of the Defendants constitutes numerous and multiple violations of CFDCPA, including every one of the above-cited provisions.

59. The Plaintiff is entitled to damages as a result of Defendants violations.

## COUNT III
## RESPONDEAT SUPERIOR

60. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

61. The representative(s) and / or collector(s) at the Defendant(s) were employee(s) of the Defendant(s) at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant(s) were agent(s) of the Defendant(s) at all times mentioned herein.

63. The representative(s) and / or collector(s) at the Defendant(s) were acting within the course of their employment at all times mentioned herein.

64. The representative(s) and / or collector(s) at the Defendant(s) were acting within the scope of their employment at all times mentioned herein.

65. The representative(s) and / or collector(s) at the Defendant(s) were under the direct supervision of the Defendant(s) at all times mentioned herein.

66. The representative(s) and / or collector(s) at the Defendant(s) were under the direct control of the Defendant(s) at all times mentioned herein.

67. The actions of the representative(s) and / or collector(s) at the Defendant(s) are imputed to their employer, the Defendant(s).

68.   Upon information and belief, the Defendant(s), being sued as a "person" maintains a pattern and practice of depriving liberty and  property, and causing damage without probable cause or proper  foundation as secured by Federal law as demonstrated by the deprivation of Plaintiff's rights.

69. Defendant(s) is liable under the Doctrine of *Respondent Superior* for the acts of their employees committed within ·the scope of their employee duties, but outside the scope of their discretion in a long train of abuses which is a custom, policy, or practice to violate clearly established law.

70. Upon information and belief, the Defendant(s) failed and/or neglected to properly train and supervise their employees, and especially its customer service employees, with respect to individual rights as protected  by Federal law as made evident by the several severe abuse(s) and damage(s) sustained by Plaintiff.

71. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

**COUNT IV**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227**

72.   The previous paragraphs are incorporated into this Count as if set forth in full.

73.   Defendant(s) has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

74.   Defendant(s) " has committed numerous separate violations of 47 U.S.C. §227(b) (1) (A) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

75.   Defendant(s) have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) The last calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

76.   An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

77. Defendant(s) have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service.

78. The Plaintiff has never given the defendants permission to call Plaintiffs cell phone.

79. Pursuant to Telephone Communication Act 47 U.S.C. §227the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

80. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

82. Colorado further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Colorado state law.

83. The conduct of the Defendant(s) in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

84. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant(s).

85. All acts of Defendant(s) and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

86. In Colorado, "invasion of privacy" encompasses three separate torts: (1) unreasonable intrusion upon the seclusion of another ("seclusion"); (2) unreasonable publicity given to another's private life ("disclosure"); and (3) appropriation of another's name or likeness ("appropriation").  Denver Publishing Co. v.  Bueno, 54 P.3d 893, 897 (Colo. 2002).

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

 1. Against named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to  15 U.S.C. § 1692k (a) (1);

2. Against named Defendants, jointly and severally actual damages pursuant to Colorado  Revised Statues C.R.S. § 13-20-101(1),

3. A finding that the Defendants violated the FDCPA and Colorado Revised Statues and/or an Admission from the Defendant that it violated the FDCPA and Colorado Revised Statues.

4. Statutory damages under 15 U.S.C. § 1692k (a) (2) (A).

5. Reasonable court costs pursuant to 15 U.S.C. § 1692k (a) (3).

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Brian Edmond Bath, Plaintiff

# VERIFICATION

I, Brian Edmond Bath, Plaintiff upon my oath and or affirmation do solemnly declare or affirm that this COMPLANT AND JURY DEMAND a complete, accurate statement(s) of the facts to the best of my knowledge.


Executed this *15* th day of August, 2012, in Denver, Colorado.

By: *brian bath*

Brian Edmond Bath, Plaintiff
Office of Brian Edmond Bath
8547 East Arapahoe Road, Ste J #129
Greenwood Village, CO 80112
P: 303.517.1360
bbath2012@aol.com

# Colorado
## Secretary of State
### Scott Gessler

Business & Licensing   |   Elections & Voting                          Search for...

**For this Record...**
History & Documents
Cert of Good Standing
File a Document
Subscribe Email
Notification
Unsubscribe Email
Notification

Business Home
Business Information
Business Search

FAQs, Glossary and
Information

# Summary

| | |
|---|---|
| ID Number: | 19981110440 |
| Name: | CENTRAL CREDIT SERVICES, INC. |

| | |
|---|---|
| Registered Agent: | COLORADO MANAGER, INC. |
| Registered Agent Street Address: | 80 Garden Center, Ste. 3, Broomfield, CO 80020, United States |
| Registered Agent Mailing Address: | |

| | |
|---|---|
| Principal Street Address: | 9550 REGENCY SQ BLVD, STE 500, JACKSONVILLE, FL 32225, United States |
| Principal Mailing Address: | |

| | |
|---|---|
| Status: | Good Standing |
| Form: | Foreign Corporation |
| Jurisdiction: | Florida |
| Periodic Report Month: | June |

**You may:**

- View History and Documents
- Obtain Certificate of Good Standing
- File a Document
- Set Up Secure Business Filing for this Record
- Subscribe to email notification regarding this record
- Unsubscribe from email notification regarding this record

[ Previous Page ]

Terms and Conditions